■ TAMARA HERNANDEZ, Plaintiff, v ST. BARNABAS HOSPITAL, Respondent, and OTIS ELEVATOR COMPANY, Appellant, et al., Defendant. [899 NYS2d 222]—

Order, Supreme Court, Bronx County (Alan Saks, J.), entered July 24, 2009, which, insofar as appealed from as limited by the briefs, granted the motion by defendant St. Barnabas Hospital for summary judgment dismissing the complaint and all cross claims as against it to the extent of awarding St. Barnabas conditional judgment as against defendant Otis Elevator Company, unanimously reversed, on the law, without costs, and the award vacated.

After plaintiff was injured while a passenger in a defective elevator at St. Barnabas, she commenced this action against, in part, St. Barnabas and Otis, with whom St. Barnabas had contracted for repair and maintenance of its elevators. At the conclusion of discovery, St. Barnabas moved for summary judgment dismissing the complaint and all cross claims as against it on the ground that since the hospital's maintenance staff never involved itself with elevator repair and, instead, always summoned Otis to deal with any elevator problems, it was not liable for plaintiff's alleged injuries. The motion court subsequently granted St. Barnabas's motion to the extent of awarding it a conditional judgment as against Otis.

St. Barnabas never sought any relief as against Otis, either in its motion or by means of interposing a cross claim. Furthermore, the court, in declining to afford the hospital summary judgment dismissal, implicitly determined that there are triable questions of fact as to its active negligence, no matter how minimal (*see Brothers v New York State Elec. & Gas Corp.*, 11 NY3d 251, 257-259 [2008]). Under these circumstances, it was error to accord St. Barnabas conditional judgment, i.e, implied indemnification, as against Otis (*see id.* at 257). Concur—Gonzalez, P.J., Catterson, Moskowitz, Renwick and Richter, JJ.